## THE IDA G. FARREN.

(District Court, E. D. North Carolina. January 18, 1904.)

1. ADMIRALTY—COMMISSIONER—FINDING OF FACT—CONCLUSIVENESS.

Where a libel in admiralty is referred to a commissioner, his finding of facts, which are not sustained by the testimony, are not conclusive on the court.

2. SAME—SHIPPING ARTICLES—SIGNING—EFFECT.

Where libelant signed shipping articles he became a member of the vessel's crew from that time, subject to all penalties imposed on seamen by the maritime law of the United States.

3. SAME—DESERTION.

Where a seaman, after having regularly signed shipping articles, left the ship by permission in the forenoon for a temporary purpose, and was told that the ship would sail for S. at 1 o'clock p. m., and, though the ship did not sail until 6 o'clock p. m., the seaman at that hour had not returned to the ship, but went to a port to which he knew the ship would not return until after the trade in which the vessel was engaged was over for the season, his wages were subject to forfeiture for desertion, as authorized by Rev. St. § 4596 [U. S. Comp. St. 1901, p. 3113].

In Admiralty.

Chas. Abernethy, for libelant.

¶ 1. See Admiralty, vol. 1, Cent. Dig. § 620.

PURNELL, District Judge. This cause being reconsidered on the petition of libelant hereto attached, it is considered, ordered, and decreed that the former decree herein dismissing the libel is affirmed.

The contention of libelant's proctor that this court is bound by the finding of facts by a commissioner, which facts the court does not find supported by the testimony, cannot be sustained. A commissioner to take testimony in an admiralty cause is to aid the court, and not to control.

Libelant was a member of the crew from the time he signed the shipping articles, and subject to all penalties imposed on seamen by the maritime laws of the United States. Tucker v. Alexandroff, 183 U. S. 424, 22 Sup. Ct. 195, 46 L. Ed. 264. Under section 4596, Rev. St., the penalty for desertion (page 3113, Comp. St. 1901), "for neglecting and refusing without reasonable cause to join his vessel," etc., is a forfeiture of wages earned and of the effects of the seaman on the ship. In this cause it appears the seaman, by permission, left the ship in the forenoon, at Charleston, S. C., for a temporary purpose, and was told at the time the ship would sail at 1 o'clock for Savannah. The ship did not sail until late in the afternoon, about 6 o'clock p. m., and the seaman had not at the hour of sailing returned to the ship. He did not either go to Savannah to rejoin the ship, to which port he knew she would proceed, but returned to Beaufort, N. C., to which port he knew she would not proceed until after the rice trade season was over, in which trade the ship was engaged.

The court must therefore hold, and does hold, that under the circumstances there was a forfeiture of wages earned under the statute, and affirms the former decree dismissing the libel, with costs.